# United States Court of Appeals for the Fifth Circuit

_____

No. 26-20005
_____

United States Court of Appeals
Fifth Circuit

**FILED**
June 30, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellant*,

*versus*

Benlin Yuan,

*Defendant—Appellee.*

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:25-CR-687-1
_____

Before Elrod, *Chief Judge*, and Higginson and Ramirez, *Circuit Judges*.

Per Curiam:[*]

The United States appeals an order concerning the pretrial release of Benlin Yuan. Appeals of detention or release orders are governed by Federal Rule of Appellate Procedure 9. Rule 9(a) governs appeals of *pretrial* release orders, and Rule 9(b) governs orders of release or detention *after* a conviction, *i.e.*, pending appeal.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 26-20005

Our rules provide that when appealing an order regarding pretrial release or detention, the appellant must file a memorandum within ten days of filing the notice of appeal.  5th Cir. R. 9.1.  But here, the government filed a "motion to vacate district court's pretrial release order" rather than a memorandum.

That seems to have created some procedural confusion.  A motions panel granted in part and denied in part the government's "motion."  But the "motion" was the whole appeal—there is no issue left unresolved.  A motion to decide the merits of an appeal is a strange motion indeed, which is why neither the Federal Rules of Appellate Procedure nor our Fifth Circuit Rules contemplate such a motion.

A motion for modification of a release or detention order *is* contemplated when appealing an order for release or detention pending appeal under Rule 9(b).  A party may obtain review of an order "regarding release after a judgment of conviction by filing a notice of appeal from that order in the district court, or by filing a motion in the court of appeals if the party has already filed a notice of appeal from the judgment of conviction."  Fed. R. App. P. 9(b).  That makes sense.  If a defendant has appealed his conviction, a motion within that appeal to review the release or detention order would not resolve the whole appeal.

The government has not shown grounds for reconsideration of the motions panel's determinations.  The United States is reminded that while a motion to modify a release order is appropriate after a defendant has appealed his conviction, it is not appropriate when appealing a pretrial release decision.  In those cases, the government's position should be styled as a memorandum.

The district court's order regarding pretrial release is AFFIRMED insofar as it ordered the defendant released pretrial with conditions.  The

No. 26-20005

district court's order enjoining Immigration and Customs Enforcement from taking custody of Yuan is VACATED.

The mandate shall issue forthwith.